**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ASPEN NETWORKS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC., a Delaware Corporation, and AT&T MOBILITY, LLC, a Delaware Corporation,<br><br>Defendants. | Case No.: 2:23-cv-00476<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Aspen Networks, Inc. ("Aspen") files this Complaint for patent infringement against Defendants AT&T Inc. and AT&T Mobility, LLC (collectively, "Defendants" or "AT&T") and alleges as follows:

**NATURE OF THE ACTION**

1. Mobile phones are ubiquitous, and consumers demand uninterrupted connectivity when using their phones. They do not want calls dropped. Historically, cellular carriers sought to meet the demand by building enough cell towers to provide coverage for customers. But mobile phone users use their phones in places that often do not have good cellular network coverage, such as conference rooms, private residences, restaurants, coffee shops and vacation spots. Realizing the limits (and high cost) of providing coverage using only signals from cellular towers, the cellular carriers needed a solution. That solution arrived in the form of Wi-Fi calling (introduced by AT&T in 2015). Wi-Fi calling allows mobile phone users with Wi-Fi calling enabled to use a Wi-Fi network to make and receive calls in locations with poor or no access to the cellular network so long as a Wi-Fi signal is available, as is typically the

case in residences, restaurants, coffee shops, hotels and other places where people congregate. Wi-Fi calling allows cellular carriers to meet the demands of mobile phone users who want uninterrupted connectivity and no dropped calls. But to fully deliver on the promise of uninterrupted connectivity, the cellular carriers needed a way to reliably switch a call between a Wi-Fi network and a cellular network so that the call is not dropped when the phone user moves from one network to the other.

2. In 2006, Aspen developed the fundamental technology required to reliably switch connections from a Wi-Fi network to a cellular network and vice versa without dropping the call. Aspen received a patent for its groundbreaking invention, U.S. Patent No. 8,009,554 (the "'554 Patent").

3. AT&T has used Aspen's intellectual property without Aspen's permission, which has allowed it to provide uninterrupted calls to its customers and avoid the expense of building more cellular towers that would otherwise have been required without Aspen's invention.

**THE PARTIES**

4. Plaintiff Aspen is a domestic, for-profit corporation registered to do business in the State of California, with a principal place of business at 3777 Stevens Creek Blvd., Suite 320, Santa Clara, California 95051.

5. Upon information and belief, Defendant AT&T Inc. is a domestic, for-profit corporation registered to do business in the State of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202. Defendant AT&T Inc. may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or as otherwise authorized under applicable law.

6. Upon information and belief, Defendant AT&T Mobility, LLC is a domestic, for-profit corporation registered to do business in the State of Delaware, with a principal place of business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319. Defendant AT&T Mobility, LLC may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas

75201, or as otherwise authorized under applicable law. Upon information and belief, Defendant AT&T Mobility, LLC also does business as AT&T Wireless.

7. Upon information and belief, Defendant AT&T Mobility, LLC is a wholly owned subsidiary of AT&T Communications and AT&T Communications is a wholly owned subsidiary of Defendant AT&T Inc.

**JURISDICTION AND VENUE**

8. This is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., specifically 35 U.S.C. §§ 271, 281, and 284-85.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq*.

10. This Court has personal jurisdiction over Defendants pursuant to the due process clause and the Texas Long-Arm statute because Defendants have regular and established places of business in the State of Texas and committed acts within this judicial district giving rise to this action.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed infringing acts in this judicial district by making, using, offering for sale, selling, or importing products or services that infringe the '554 Patent. Upon information and belief, Defendants maintain regular and established places of business in the State of Texas and this district by: (i) maintaining or controlling retail stores in this district; (ii) maintaining and operating infringing base stations in this district, including on cellular towers and other installation sites owned or leased by them; and (iii) maintaining and operating places of business in this district where research, development, or sales are conducted, where customer service is provided, or where repairs are made.

12. Upon information and belief, Defendants own and operate the "AT&T Plano Campus" located at Plano 3400 W Plano Parkway, Plano, Texas 75075.

13. Upon information and belief, Defendants own and operate the "AT&T Foundry"

located at 2900 W Plano Parkway, Plano, Texas 75075.

14. Upon information and belief, Defendants have regular and established places of business in this district, including at least retail stores located at: (i) 6000 N Central Expressway, Plano, Texas 75074; and (ii) 701 N Central Expressway, Suite 400, Plano, Texas 75075, that sell products and/or services that are used on Defendants' cellular network and infringe the '554 Patent.

15. Defendants, directly and/or through their subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the '554 Patent with the intention and expectation that they will be purchased and used by consumers in this district. These products and/or services have been, and continue to be, purchased and used in this district.

16. For example, Defendants advertise their wireless networks are available in Texas, including within this district. *See, e.g.*, *Wireless Coverage Map*, AT&T, https://www.att.com/maps/wireless-coverage.html (last visited Oct. 10, 2023):

**THE PATENT-IN-SUIT**

17. On August 30, 2011, the United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 8,009,554, entitled "Method For Multiple Link Quality Of Service For Voice And Video Over Internet Protocol," (the "'554 Patent") to Aspen.

18. The '554 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. A true and accurate copy of the '554 Patent is attached as **"Exhibit A."**

19. Defendants, either separately or in concert, manufacture, import, distribute, offer for sale, or sell a Wi-Fi calling service that enables multi-media (voice and/or video) calls to switch seamlessly between Wi-Fi and cellular long-term evolution ("LTE") networks based on the Quality of Service ("QoS") parameters of the network.

20. Defendants described, and provided more information about, their Voice over Wi-Fi calling service ("VoWi-Fi Service") on their website at

https://web.archive.org/web/20151106123127/https://www.att.com/shop/wireless/features/wifi-calling.html. A copy of Defendants' website advertising the VoWi-Fi Service and additional information describing the service (as accessed on Oct. 10, 2023) is attached here as **"Exhibit B."**

21. Defendants' Vo-Wi-Fi calling service infringes one or more claims of the '554 Patent, including at least Claims 1, 2, 6, and 7.

22. Defendants were on notice of the '554 Patent at least as of the date they were notified of the filing of this Complaint. Furthermore, upon information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and accordingly have remained willfully ignorant of Aspen's intellectual property rights.

23. Defendants are causing Aspen substantial and irreparable harm and forcing it to bring this action to protect its intellectual property because Defendants' VoWi-fi Service infringes the '554 Patent.

**COUNT I- INFRINGEMENT OF THE '554 PATENT**

24. Aspen incorporates by reference the allegations contained in Paragraphs 1 – 24 as if fully stated here and further alleges:

25. Aspen is the owner of the '554 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '554 Patent against infringers, and to collect damages for all relevant times.

26. The '554 Patent describes a method of increasing the reliability of data transmission from a source device to a destination device over a communication network. In particular, the claims of the '554 Patent, including Claim 1, recite a novel and inventive method for data transmissions (e.g. video and/or voice) that can be transferred from one network path to another network path without being dropped. The invention uses Session Initiation Protocol ("SIP"), Real-Time Transport Protocol ("RTP")

and Network Address Translation ("NAP") to allow calls to be transferred among different network paths. The invention allows calls to be transferred without being dropped.

27. For example, Claim 1 of the '554 Patent recites:

> 1. A method of enhancing the reliability of a transmission from a source to a destination in a communications network using a network protocol that operates on top of the Internet Protocol (IP), the method comprising:
>
> Transmitting data between a source and destination over a first network path made up of one or more network links where at least one of the network links is to a local area network that is remote from the transmission source; and
>
> Switching the transmission from the first network path to one of a plurality of alternative networks;
>
> wherein said transmission is not disrupted as a result of said switching to the one of a plurality of alternative network paths, said transmission contains audio or video data and at least one Network Address Translation (NAT) is performed on said transmission;
>
> said transmission uses the Real Time Protocol (RTP);
>
> said transmission uses the Session Initiation Protocol (SIP); and
>
> the SIP signaling sequence of the transmission is maintained after said switching from the first network path to the one of a plurality of alternative network paths.

28. Defendants offer Wi-Fi calling services (the VoWi-Fi service):

- that enable multimedia calls to switch seamlessly between Wi-Fi and cellular LTE networks based on QoS parameters of the network. https://www.att.com/esupport/article.html#!/wireless/KM1114459.
- The call data transmission between end terminals used by Defendants' VoWi-Fi calling can occur over a first path such as the LTE network. Defendants' VoWi-Fi calling provides the ability to automatically switch calls between LTE and Wi-Fi Networks. https://www.att.com/shop/wireless/features/wifi-calling.html.
- Defendants' VoWi-Fi service allow a multimedia call session to switch from a first network type to the other network type, such as switching from the LTE Network

        to the Wi-Fi network or vice versa. https://www.att.com/shop/wireless/features/wifi-calling.html.

- Defendants' VoWi-Fi allows a video or voice data session to seamlessly switch from a first network to another network type. https://www.att.com/shop/wireless/features/wifi-calling.html.

- Defendants' VoWi-Fi uses RTP and SIP based on mobility needs of the network and to maintain seamless connection during switching of networks.

- Defendants use a SIP signaling sequence in which a Cseq number is used to identify the order and integrity of SIP commands. Communicating SIP entities take steps to ensure the correct state of the Cseq numbers during the entire call, including switches to a second path.

29. Defendants have, either separately or in concert, directly infringed and continue to infringe the '554 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, offering for sale, or selling, the VoWi-Fi Service within the United States, in violation of 35 U.S.C. § 271(a).

30. Defendants also knowingly and intentionally induce infringement of various claims of the '554 Patent, violating 35 U.S.C. § 271(b). Defendants have had knowledge of the '554 Patent and their infringement activities at least as early as the filing of this Complaint. Despite this knowledge, Defendants continue to actively encourage and instruct their authorized third parties, customers, and end users to use the VoWi-Fi Service in ways that directly infringe the '554 Patent. Defendants also continue to make, use, import, supply, distribute, offer for sale, and sell the VoWi-Fi Service despite their knowledge of the '554 Patent, thus specifically inducing others to infringe the '554 Patent through the normal and customary use of the VoWi-Fi Service. Accordingly, it is reasonable to infer that Defendants specifically intended for others, such as its authorized third parties, end users, and

customers, to directly infringe one or more claims of the ’554 Patent in the United States because Defendants had knowledge of the ’554 Patent and actively induced others to directly infringe the ’554 Patent.

31. Defendants also contributorily infringe the ’554 Patent according to 35 U.S.C. § 271(c) by making, using, importing, supplying, distributing, offering for sale, or selling, the VoWi-Fi Service, knowing it constitutes a material part of Plaintiff’s invention, is especially made or adapted for an infringing use, and that it is not a staple article of commerce capable of substantial non-infringing use.

32. Defendants have made, and continue to make, unlawful gains and profits from infringing the ’554 Patent.

33. Defendants have had knowledge of the ’554 Patent and their infringement activities at least as early as the filing of this Complaint. Accordingly, Defendants have been willfully infringing the ’554 Patent at least since Aspen filed this Complaint.

34. Defendants’ infringement of the ’554 Patent has damaged and irreparably harmed Aspen, and Aspen is entitled to relief under 35 U.S.C. §§ 154(d) and 284. Aspen will continue to suffer damages and irreparable harm unless Defendants are permanently enjoined by this Court from continuing their infringement.

## ATTORNEYS’ FEES

35. According to 35 U.S.C. § 285, Aspen is entitled to, and respectfully requests, its reasonable attorneys’ fees in this case.

## DEMAND FOR JURY TRIAL

36. According to Fed. R. Civ. P. 38(b), Aspen respectfully requests a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

Aspen respectfully prays this Court issue the following relief:

  A. that this Court declare the Defendants have directly infringed, induced infringement, or contributed to infringement and continue to directly infringe, induce others to infringe, and/or contribute to the infringement of one or more claims of the '554 Patent under 35 U.S.C. §§ 271(a)-(c);

  B. that this Court order Defendants pay Aspen: (i) damages adequate to compensate Aspen for Defendants' past infringement of the '554 Patent; (ii) damages adequate to compensate Aspen for Defendants' present and future infringement of the '554 Patent; and (iii) interest and costs assessed according to 35 U.S.C. §§ 154(d) and 284;

  C. that this Court declare Defendants' infringement was and is willful, and award treble damages for the period of the willful infringement of the '554 Patent;

  D. that this Court enter a permanent injunction to prevent the Defendants from further infringing the claims of the '554 Patent;

  E. that this Court declare this an exceptional case and order Defendants pay Aspen its reasonable attorneys' fees and costs according to 35 U.S.C. § 285; and

  F. that this Court award any additional relief to Aspen that this Court deems just and proper.

October 10, 2023

Respectfully submitted,

*By: /s/ Eric H. Findlay*

Eric H. Findlay*
Texas Bar No.: 00789886
T: 903-534-1100
Email: efindlay@findlaycraft.com
**FINDLAY CRAFT, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703

Fabio E. Marino (Lead Attorney) *
California Bar No.: 183825
Email: Fabio.Marino@wbd-us.com
T: 408-720-3436
**WOMBLE BOND DICKINSON (US) LLP**
1279 Oakmead Parkway
Sunnyvale, CA 94085

Steven M. Levitan *
California Bar No.: 148716
Email: Steve.Levitan@wbd-us.com
T: 408-341-3045
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Ste. 2750
San Francisco, CA 94111

Andrew Beverina **
DC Bar No.: 464897
Email: Andrew.Beverina@wbd-us.com
T: 202-857-4411
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW, Ste. 400 South
Washington, DC 20006

Jace Williams **
Georgia Bar No.: 965608
Email: Jace.Williams@wbd-us.com
T: 404-888-7366
**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street, NW, Ste. 2400
Atlanta, GA 30363-1017

*ATTORNEYS FOR PLAINTIFF*
*ASPEN NETWORKS, INC.*

*Admitted to the Eastern District of Texas
**Admission Pro Hac Vice anticipated
***Admitted Pro Hac Vice