IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ASPEN NETWORKS, INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AT&T MOBILITY, LLC, § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:23-CV-476-RWS-RSP <br> (LEAD CASE) |

# ORDER

Before the Court is Defendants AT&T Mobility, LLC; Cellco Partnership d/b/a Verizon Wireless; T-Mobile US, Inc.; and T-Mobile USA, Inc's (collectively, "Defendants") Motion for Judgment on the Pleadings of Invalidity of U.S. Patent No. 8,009,554 ("the '554 Patent") Under 35 U.S.C. § 101. Docket No. 58. The above-captioned action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge entered a Report and Recommendation ("R&R") recommending denial of the motion. Docket No. 116. On September 18, 2025, Defendants filed objections to the Report. Docket No. 134.

## DISCUSSION

In his R&R recommending denial of Defendants' motion (Docket No. 58), the Magistrate Judge found that the '554 Patent was not directed to an abstract idea. Docket No. 116 at 7. The Magistrate Judge further found that Defendants' arguments were actually directed towards whether there was adequate written description and/or enablement, which could not be properly decided on the motion for judgment on the pleadings at issue. *Id.*

Defendants have two objections to the R&R: (1) that the Magistrate Judge erred in finding that the '554 Patent was not directed to an abstract idea at *Alice* step one; and (2) not addressing *Alice* step 2. Docket No. 134.

I.      **First Objection**

With respect to *Alice* step 1, Defendants contend that the R&R erred in finding that the '554 Patent was not directed to an abstract idea. Docket No. 134 at 1. They contend that it is abstract for being a results-oriented claim which does not explain how to achieve the desired result. *Id.* at 2–5 (citing, *e.g.*, *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258–59 (Fed. Cir. 2016)). Further, Defendants assert that "[t]he R&R errs, as a matter of law, because it improperly relies on the 'detailed specification of the Patent' to conduct its eligibility analysis." *Id.* at 1 (citing, *e.g.*, R&R at 6–7; *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178, 1183 (Fed. Cir. 2020) ("[S]ubject matter eligibility and enablement are separate inquiries, irrespective of any overlap between the two.")).

Regarding Defendants' first argument, the R&R correctly articulated how the claims, viewed in light of the specification, set out the way to achieve the goals of the '554 Patent. R&R at 6–7 (citing Docket No. 1-1 ('554 Patent) at 5:39–40); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016) ("The 'directed to' inquiry applies a stage-one filter to claims, considered in light of the specification, based on whether 'their character as a whole is directed to excluded subject matter.' ").

As to Defendants' citation to *Affinity Labs*, the Federal Circuit affirmed that the patent at issue there was directed to "fundamental economic and conventional business practice" that was both "well-known and historically long-standing" before finding that the claims do no more than claiming the abstract idea itself to a wireless, cellular telephone device. *Affinity Labs*, 838 F.3d at 1257. While Defendants note that the '554 Patent has some similarities to other patents held ineligible (Docket No. 134 at 6–7 (citing, *e.g.*, *Internet Pats. Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015)), Defendants ultimately have failed to show that the claims here

are directed to fundamental economic and conventional business practice that is both well-known and historically long-standing.

Regarding Defendants' second argument, the Court finds it unpersuasive for multiple reasons. First, as a general matter, it is well-established that claims are to be read within the context of the specification. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). Second, none of the cases cited by Defendants articulate a *per se* rule against considering the specification while conducting an eligibility analysis. *See* Docket No. 134 at 1 (citing *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 139 F.4th 1332, 1337 (Fed. Cir. 2025); *Elec. Commc'n*, 958 F.3d at 1183). Indeed, even the Federal Circuit in *Affinity Labs* considered the specification in its *Alice* step 1 analysis. 838 F.3d at 1258–1262. And besides, Defendants overlook the fact that the R&R points out that Defendants' *de facto* primary argument in their initial briefing was that they "don't believe the claims or the specification disclose how the solution actually works," but that this is a written description/enablement argument which cannot be properly decided in the context of a § 101 motion. R&R at 7–8. In other words, the R&R referenced the specification while responding in part to Defendants' arguments, which were themselves inapposite to a § 101 motion.

Finally, any of Defendants' arguments with respect to the claim construction order are without merit. *See* Docket No. 134 at 5–7. The Magistrate Judge's claim construction order does not change his analysis in the R&R—in fact, the R&R was entered after the claim construction order—and therefore the claim construction order does not take the claims into the realm of abstraction. *See* Docket No. 96 at 13–19.

## II.   Second Objection

With respect to *Alice* step 2, Defendants appear to object on the basis that the R&R did not address Defendants' arguments directed towards this part of the invalidity inquiry. *See* Docket No. 134 at 7-8.

The Court finds Defendants' arguments unpersuasive. Because the Magistrate Judge found that the '554 Patent was not directed to an abstract idea, he was not required to reach the issue of *Alice* step 2. *See Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324 (Fed. Cir. 2016) ("[C]ourts must determine if the claims at issue are directed to a patent-ineligible concept. [] If not, the inquiry ends, as the claims are patent-eligible.") (citation omitted).

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the parties objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the objections are without merit. Accordingly, it is

**ORDERED** that Defendants' Objections (Docket No. 134) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 116) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Motion for Judgment on the Pleadings (Docket No. 58) is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Strike (Docket No. 67) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 26th day of September, 2025.**

_Robert W Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE